# Telephone Answering Service, Inc. v. Johnston

*Paul A. Manion,* for plaintiff.
*William B. Mallin,* for defendant.

McLEAN, J., January 5, 1968—Plaintiff Telephone Answering Service, Inc. (hereinafter referred to as TAS) is a business corporation which operates a telephone answering service business in Allegheny and Beaver Counties, Pa. Plaintiff K & M Management Company (hereinafter referred to as K & M) is also a business corporation, which owns all of the stock of plaintiff TAS. Defendant Johnston is an individual who was first employed by plaintiff TAS on January 1, 1964, as a sales desk employe and continued in that employment until her resignation effective December 1, 1966. Defendant Robbins is an individual who was employed by plaintiff TAS for many years as vice president in charge of sales and customer and public relations, until March 1, 1966, at which time he entered into an employment agreement with K & M, with the consent of TAS. Effective March 15, 1967, defendant Robbins was discharged by plaintiff K & M, and one of the issues in this case is whether that discharge

was for proper cause. Defendant East End Telephone Answering Service is a partnership composed of the two individual defendants.

At the time of her employment, defendant Johnston executed an agreement which included a provision that she would not, for a period of three years after termination of her employment, engage in Allegheny, Beaver or Butler Counties in the telephone answering service and related businesses, or in any other business or occupation competitive with that of her employer. Another agreement signed several days later obligated her for a period of three years after the termination of her employment, for any cause whatsoever, not to engage in any capacity in Allegheny County in the telephone answering business or similar business, or to act in aid of the business of any rival or competing business within Allegheny County.

In the case of defendant Robbins, in his employment contract with K & M he agreed that for a period of three years after termination of employment for any cause whatsoever, he would not directly or indirectly engage in the telephone answering service business or similar business, nor aid the business of any rival or competing business within a radius of 40 miles of the City County Building, Pittsburgh, Pa.

Plaintiffs allege that during their employment by plaintiffs, both defendants had access to and the use of plaintiffs' customer lists, customer information, rate schedules and operating policies and procedures, all of which plaintiffs claim to be most valuable assets that were divulged in confidence to defendants to enable them to perform their work.

Defendants are presently engaged as partners in the operation of a telephone answering service in Pittsburgh, Pa., and plaintiffs have filed this action in equity seeking an injunction to require defendants to refrain from engagement in the telephone answering

business until expiration of the time limitations set forth in the restrictive covenants in their said employment contracts. Defendants have filed an answer on the merits, asserting a number of defenses, and defendant Robbins has made a counterclaim for damages, asserting that his discharge was without cause and in breach of his employment agreement.

One group of the defenses that defendants have raised is that plaintiffs are guilty of violations of the Federal antitrust laws and should, therefore, be denied the relief sought. Plaintiffs have, in effect, demurred to that defense, asserting that such a defense is not cognizable in this action. It is necessary that the court make a preliminary determination of the availability of this defense, since defendants have filed supplemental interrogatories designed to procure from plaintiffs the extensive and comprehensive information that defendants will need to prove their antitrust defenses. Plaintiffs, under the theory of their demurrer, have objected to the supplemental interrogatories.

The court has had the benefit of several conferences with counsel in the case and has been supplied with excellent comprehensive, carefully prepared briefs by both attorneys. The issue we treat here is whether or not the court should entertain antitrust defenses in this suit in equity in a State court.

A number of cases have been cited to the court and have been studied, but none is precisely on point. In fact, both sides argue that the same cases support their respective contentions. Both sides agree that it is appropriate for a State court to exclude antitrust defenses in certain categories of case, and to refuse to exclude them in others. We have examined a number of cases where the defenses have been excluded and a number where they have been permitted.

The leading case is Kelly v. Kosuga, 358 U. S. 516 (1959), a suit for the unpaid balance of the purchase

price in the sale of a quantity of onions in which the Supreme Court rejected the availability of the defense that the sale was part of a transaction which included an agreement not to deliver onions to market, which was a violation of the Federal antitrust laws. Other cases considered include Bruce's Juices, Inc. v. American Can Co., 330 U. S. 743 (1947) ; Continental Wall Paper Co. v. Louis Voight and Sons Company, 212 U. S. 227 (1909) ; Connolly v. Union Sewer Pipe Co., 184 U. S. 540 (1902) ; Loews, Inc. v. Somerville Drive-In Theatre Corp., 54 N. J. Super. 224, 148 A. 2d 599 (1959) ; American Broadcasting-Paramount Theatres, Inc. v. American Manufacturers Mutual Assurance Co., 249 N. Y. S. 2d 481 (1963) ; Revlon Inc. v. Capitol Beauty Supply Co., 79 Dauph. 91 (1962) ; Associated Press v. Taft-Ingalls Corporation, 340 F. 2d 753 (6 Cir., 1965) ; Remington-Rand, Inc. v. International Business Machine Corp., 167 Misc. 108 (N. Y., 1937) ; Laundercenter Corp. v. United Metered Systems, Inc., vol. 149, N.Y.L.J., no. 42, page 18, dated March 4, 1963.

Certain guidelines or conclusions may be drawn from the cases reviewed and the able arguments of counsel. All agree that claims for affirmative relief for antitrust violations may be brought only in a Federal court: Westinghouse Electric & Manufacturing Co. v. MacGregor, 350 Pa. 333 (1944). Next, there is a general policy not to permit the assertion as defenses in State court actions that plaintiff has violated the Federal antitrust laws. Various reasons are assigned, including the proposition that such defensive use is not provided for in the Federal statutes, that the Federal statutes provide the only remedies available for antitrust violations, including treble damages plus reasonable attorney's fee, and that the matter of antitrust violations are "collateral" to the subject matter of the State court law suit.

However, the cases which have permitted the defense seem to indicate that the defense is available on a narrow basis, such as that the very contract on which suit is brought either by its terms, or intrinsically, or in some other close or easily demonstrated fashion, violates or helps to violate the Federal antitrust laws.

Defendants assert that the restrictive agreements involved in this case are part of a device used by plaintiffs to monopolize the market and are part of a program to engage in predatory price cutting for the purpose of driving competition out of business; that plaintiffs have used "fronts" to depress prices and otherwise to compete illegally, and that plaintiffs are improperly endeavoring to acquire other telephone answering businesses, all of which are violations of the Federal antitrust laws. We sustain plaintiffs' demurrer to these defenses, holding that they are antitrust defenses of the type that are not cognizable in this equity action. We do this without prejudice to any rights defendants may have to assert claims for damages under appropriate Federal laws.

In excluding certain antitrust defenses, we do not deny or rule upon plaintiffs' right to contend at trial that the restrictive agreements involved here are illegal or unenforceable for other reasons comprehended within the scope of the pleadings. The substance and intent of our ruling is the exclusion of antitrust defenses, as was done in Kelly v. Kosuga, 358 U. S. 516 (1959). In keeping with this ruling, we will sustain plaintiffs' objections to defendants' supplemental interrogatories.

Defendants argue in the alternative that if the court refuses to entertain antitrust defenses by that name, the court should nevertheless permit the alleged conduct of plaintiffs which is said to constitute antitrust violations to be received as evidence of plaintiffs' lack of clean hands, thereby precluding plaintiffs from re-

lief in this equity action. However, we regard this as being actually a change in labels only, and we will not admit by one name what we have excluded by another.

ORDER

And now, January 5, 1968, upon consideration of the briefs and arguments of counsel, and for the reasons set forth in the foregoing opinion, it is ordered that plaintiffs' demurrer to paragraphs 32 through 38, inclusive, of defendants' answer is hereby sustained.

It is further ordered that plaintiffs' objections to defendants' supplemental interrogatories are sustained.